## THE TONAWANDA.[1]

### JARVIS and others *v.* THE TONAWANDA.

(*Circuit Court, E. D. Pennsylvania.* January 17, 1887.)

MARITIME LIEN—LACHES.
Unregistered and secret maritime liens may be enforced against a vessel in the hands of *bona fide* purchasers, unless the holders of such liens have been guilty of negligence or laches. See the same case, reported at length, in 27 Fed. Rep. 575.

In Admiralty.
Appeal from district court. See 27 Fed. Rep. 575.
*Etting & Williams,* for libelants.
*Henry R. Edmunds,* for respondents.

McKENNAN, J. The defense of the respondents in this case is apparently so equitable, and therefore meritorious, that I have examined and considered the whole case with an earnest desire to make that defense effective against the claim of the libelants. They have done nothing, and have not forborne to do anything, in my judgment, which precludes the assertion by them of any just or legal reason for denying their liability. They were *bona fide* purchasers of the vessel from its real as well as ostensible owners. They received assurances of the freedom of the vessel from all liens and charges, and they took from their vendor a conveyance, with his personal warranty, which was rendered ineffective by subsequent insolvency. Hence they had a right to believe that they had paid the full consideration for their purchase for which they were, in any wise, bound. But the libelants held an unregistered and secret lien upon the vessel, which they had an undoubted right to enforce, unless they have lost it by their own negligence. Greater promptitude on their part in tracing the ownership of the vessel, and in demanding payment for their debt from the purchasers of it, might have enabled the latter to protect themselves by a resort to their vendor; but I am constrained to the conclusion, by the pressure of decided cases, that they are not chargeable with such laches as will subject them to the loss of their remedy against him. This is fully and satisfactorily described in the opinion of the learned judge who decided the case in the district court. I therefore adopt his views, and now order that a decree be prepared and entered in this court for the same sum decreed by the district court, in favor of the libelants, and against the respondents, with costs.

[1] Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.